|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 10 | DDSSBOS LLC d/b/a/ Dave El/Boston Coach, | CASE NO. 22-249 MJP |
| 11 | Plaintiff, | ORDER ON DEFENDANT'S MOTION TO DISMISS |
| 12 | | |
| 13 | v. | |
| 14 | The Boeing Company, | |
| 15 | Defendant. | |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 19). Having reviewed the Motion, Plaintiff's Response in Opposition (Dkt. No. 22), the Reply (Dkt. No. 24), and all other supporting material, the Court GRANTS Defendant's Motion in part and DENIES in part.

**BACKGROUND**

Plaintiff, DDSSBOS LLC ("Dav El"), is a Massachusetts limited liability company that provides chauffeured transportation services across the United States. (Complaint ¶ 1 (Dkt. No. 1-2).) On February 4, 2020, Dav El and Boeing entered into an agreement wherein Dav El would provide certain commuter bus services to Boeing (the "Contract"). (Id. at ¶ 5.) The Contract, entitled "Authorization to Proceed" ("ATP"), consists of ten pages. (Response at 4 ("Opp.").) According to Dav El, the Contract in dispute was a temporary contract that supplied the key terms of the Parties' agreement while the Parties negotiated a more detailed contract. (Id. at 1.) The reason for the temporary contract was due to Boeing's then-urgent need for Dav El to begin as soon as possible. (Id.)

The first two pages of that document consist of a letter with the subject line "Authorization to Proceed (ATP) -737 Commuter Bus" followed by a "Reference" line (Id.; Declaration of Gregory Hollon, Exhibit A at 1 (Dkt. No. 23-1).) Under the "Reference" line there is a subsection a.) "Terms and Conditions (zip file)" and subsection b.) "Purchase Contract #TBD between The Boeing Company (Boeing) and Dav El BostonCoach (sic) (Seller) (Agreement). (Hollon Decl. Ex. A at 1) The Terms and Conditions zip file contains six documents, one of which is a document labeled "General Provisions 2." (Id.) Beneath the Reference section, there are five key provisions: Work Scope, Boeing's Financial Liability, Boeing Term of Agreement, Assignment, and Confidentiality. (Id.) The Boeing Term of Agreement provision provides that "Boeing will honor this agreement until purchase contract is executed or December 31, 2020, whichever occurs first." (Hollon Decl. Ex. A at 1.) Further, Exhibit A attached to the Work Scope provision is a document entitled "Statement of Work"

("SOW"). The SOW contains a provision limiting Boeing's to ability reduce Dav El's transportation services in three ways:

> Boeing shall not reduce the Fleet Capacity (i) by more than 3 buses in any calendar month, and (ii) without at least thirty (30) days prior to written notice to Provider for each such reduction in Fleet Capacity. Further, no reduction in Fleet Capacity shall be effective prior to September 15, 2020.

(Hollon Decl. Ex. A at 4.)

Dav El claims that these two terms were critical to its agreement to the Contract. (Opp. at 1.) The last relevant provision for the Court's purposes is the Assignment provision, which states that "the rights and obligations described in this ATP cannot be assigned, in whole or in part, without the prior written consent of Boeing. (Hollon Decl. Ex. A at 1.) The dispute between the Parties arises from these key provisions and whether the General Provision's 2 contained in the Terms and Conditions were incorporated into the Contract.

In preparation to effect the Contract, Dav El entered into a contract with another transportation company, TransWest, to "assist Dav El with performing its obligations under the Contract." (Compl. ¶ 8.) This contract mirrored Boeing and Dav El's Contract in that it was effective until December 31, 2020. (Declaration of David Perez, Exhibit 4 (Dkt. No. 20-4).) Dav El began performing under the Contract for about a month when Boeing informed Dav El that it would be terminating the Contract effective March 21, 2020. (Compl. ¶¶ 9-10.)

TransWest has since brought suit against Dav El for breach of contract, and in return Dav El brought this suit against Boeing in King County. Dav El alleges that it has been injured by Boeing's termination of the Contract because it has become involved in a dispute with the contractor and Boeing has refused to compensate Dav El for injuries arising out of Boeing's breach. (Id. at ¶¶ 11-12.) Boeing removed the case to Federal Court and now seeks to dismiss both of Dav El's claims.

## ANALYSIS

### A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party and accept all well pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### B. Judicial Notice

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). But "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 998 (9th Cir. 2018); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (noting documents incorporated by reference and "matters of which a court may take judicial notice" are properly considered when ruling on a motion to dismiss).

"Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja, 899 F.3d at 1002. A defendant may seek

to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." Khoja, 899 F.3d at 1002. Similarly, a court may take judicial notice of facts that are "not subject to reasonable dispute," Fed. R. Evid. 201(b), as well as documents that are referred to in the complaint, that are central to the plaintiff's claims, and whose authenticity is not disputed. See, e.g., Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) overruled on other grounds by Galbraith v. Cty of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).

      Defendants request the Court take judicial notice the Contract between Boeing and Dav El, the agreement between TransWest and Dav El, and the TransWest Court Documents. (Mot. to Dismiss at 5 ("Motion").) The Contract between Boeing and Dav El is properly incorporated by reference given that it is the document that forms the basis of Dav El's claims. The TransWest Agreement is also incorporated by reference as it is a breach of this contract that Dav El argues Boeing should indemnify it from. The Court also takes judicial notice of the TransWest court documents. See Rey'n Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that the court may take judicial notice of court documents and other matters of public record). Dav El does not object to the Court incorporating-by-reference or taking judicial notice of any of these documents, but noted that Boeing submitted an incomplete version of the Contract because it failed to include Exhibit A, which is the Statement of Work document. (Opp. at 4, note 1.) Dav El requests the Court take judicial notice of the entire document, which it attached to the Declaration of Gregory Hollon. (Id.) Since there is no objection to Boeing's

request and judicial notice is proper, the Court GRANTS Boeing's request for judicial notice and Dav El's request to include Exhibit A.

**C.     Breach of Contract Claim**

Boeing argues that Dav El's breach of contract claim should be dismissed because there is a termination for convenience clause contained in the General Provisions 2. Because the incorporation of the General Provisions 2 is disputed by Dav El, and there are provisions in the ATP that conflict with the convenience clause, the Court finds dismissal is premature.

To establish a claim for breach of contract, a plaintiff must show (1) a valid contract, (2) a breach of duty arising under the contract, and (3) resulting damage. NW. Indep. Forest Mfrs. V. Dep't of Labor & Indus., 78 Wn. App. 707, 712 (1995). "Mutual assent is required for the formation of a valid contract." Burnett v. Pagliacci Pizza, Inc., 196 Wn.2d 38, 48 (2020) (internal quotation and citation omitted). The primary objective in contract interpretation is to ascertain the mutual intent of the parties at the time they executed the contract. Int'l Marine Underwriters v. ABCD Marine, LLC, 179 Wn.2d 274, 282 (2013).

Washington follows the "objective manifestation theory" of contract interpretation, under which the focus is on the reasonable meaning of the contract language to determine the parties' intent. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503 (2005). Clear and unambiguous terms are interpreted as a question of law. Paradise Orchards Gen. P'ship v. Fearing, 122 Wn. App. 507, 517 (2004). "If a contract provision's meaning is uncertain or is subject to two or more reasonable interpretations after analyzing the language and considering extrinsic evidence (if appropriate), the provision is ambiguous." Viking Bank v. Firgrove Commons 3, LLC, 183 Wn. App. 706, 713 (2014). Washington courts generally construe ambiguities against the contract's drafter. Id. And "[d]etermining what the parties to a contract

intended is generally a question of fact." <u>Columbia Asset Recovery Grp., LLC v. Kelly</u>, 177 Wn. App. 457, 484 (2013) (internal citation omitted).

Boeing argues that Dav El's claim for breach of contract due to Boeing's early termination fails because Section 10 of the General Provisions 2 allows Boeing to terminate all or part of the Contract for its sole convenience. (Motion at 7.) Because Boeing exercised a right provided for in the Contract, it argues that Dav El's claim fails as a matter of law. Boeing's argument fails for two reasons.

First, Dav El argues that the General Provisions 2 was not part of the Contract. (Opp. at 6.) In support of this argument, Dav El points to the first substantive line of the ATP, which states "[t]his ATP incorporates all provisions of the Agreement." (<u>Id.</u> at 7.) Said "Agreement" Dav El argues is contained in subpart (b) of the Reference section of the ATP, which states "Purchase Contract #TBD. . . (Agreement)." Dav El argues that the ATP unambiguously incorporates subpart (b) by reference upon the completion of the Purchase Contract. (<u>Id.</u>) But that clarity is absent with respect to subpart (a), which contains the General Provisions. (<u>Id.</u>) Additionally, Dav El points to the first line of the General Provisions 2, which provides that "[t]his proposed purchase contract, [] incorporates by reference these General Provisions and all other terms and conditions set forth in this proposed purchase contract." (<u>Id.</u> at 8.) Dav El argues that this demonstrates that the General Provisions 2 are to be incorporated through, and supplement the terms of, a future purchase contract, not an authorization to proceed or a statement of work. (<u>Id.</u>) Because of this Dav El claims that there was no mutual assent to include the General Provisions into the ATP.

In response, Boeing argues that the General Provisions 2 was incorporated by reference into the ATP and Dav El assented to these terms. But Boeing relies exclusively on Delaware case

1  law in support of its argument. Boeing does so due to a choice of law provision contained in the
2  General Provisions 2. But the Court cannot give credence to the choice of law provision without
3  finding that the General Provisions 2 was incorporated into the Contract. Under Washington law,
4  "[i]ncorporation by reference must be clear and unequivocal." W. Washington Corp. of Seventh-
5  Day Adventists v. Ferrellgas, Inc., 102 Wn. App. 488, 494 (2000) (internal citation omitted). It
6  must also be clear that "the parties to the agreement had knowledge of and assented to the
7  incorporated terms." Id. (internal citation omitted). Because the Parties differ on whether there
8  was mutual assent to incorporate the General Provisions 2 into the ATP, this becomes a question
9  of fact that would make dismissal improper at this stage.

10  Second, even if the Court were to find that the Parties mutually assented to incorporating
11  the General Provisions into the ATP, there are still contradicting and ambiguous terms that
12  warrant denying Boeing's request. Specifically, Dav El points to the Boeing Term of Agreement
13  that states "Boeing will honor this agreement until the purchase contract is executed or
14  December 31, 2020" and the SOW provision that limits Boeing's ability to reduce the
15  transportation services contradict the termination right contained in the General Provisions 2.
16  Under Washington law, when contract provisions conflict, courts will harmonize them to the
17  extent possible. Healy v. Seattle Rugby, LLC, 15 Wn.App.2d 539, 545 (2020). But "when the
18  terms of an agreement truly conflict and, thus, harmonizing them is impossible, courts must give
19  effect to the manifest intent of the parties." Id. (internal quotation and citation omitted.)

20  Taking this in the light most favorable to Dav El, the Boeing Term of Agreement and the
21  SOW were explicitly set forth in the ATP. It is plausible that the Parties agreed for these
22  provisions to place specific limitations on when and how Boeing can reduce or terminate the
23  Contract. Boeing argues that the terms are not inconsistent, one merely gives Boeing the right to
24

terminate the contract at any point, while the Term of Agreement and SOW define the contract term. (Reply at 8 (Dkt. No. 24).) But to determine whether the terms conflict and what the Parties intent was is premature at this stage.

Because Dav El has alleged sufficient facts to suggest that the Contract was effective through December 31, 2020, and Boeing terminated it prior to that date, causing injury, the Court DENIES Boeing's request as to this claim.

**D.    Indemnity Claim**

Without reaching the merits of Boeing's 12(b)(6) arguments, the Court dismisses Dav El's indemnity claim as unripe.

"To maintain an equitable indemnity claim, a plaintiff must establish (1) injury to a party and that party's right to assert a cause of action against the defendant and (2) settlement of the injured party's claim by the plaintiff, who itself was legally obligated to pay that claim." Donald B. Murphy Contractors, Inc. v. King Cty., 112 Wn. App. 192, 198 (2002). "It is settled law that indemnity actions accrue when the party seeking indemnity pays or is legally adjudged obligated to pay damages to a third party." Cent. Washington Refrigeration, Inc. v. Barbee, 133 Wn.2d 509, 517 (1997). Dav El does not claim that the underlying dispute between it and TransWest has been adjudicated, and it does not argue otherwise in its opposition to Boeing's Motion. The Complaint simply states that "Dav El has become involved in a dispute with a contractor." (Complaint ¶ 19.) Because Dav El has failed to demonstrate or even allege that the case between it and TransWest has been adjudicated and it is obligated to pay damages, it has failed to show that the claim is ripe.

Because Dav El's indemnity claim is unripe, the Court GRANTS Boeing's request to dismiss with regard to this claim.

**CONCLUSION**

Dav El has alleged sufficient facts to state a plausible claim for breach of contract. The COURT DENIES Boeing's request to dismiss as to this claim. Dav El has not shown that the underlying dispute between it and TransWest has been adjudicated and Dav El is obligated to pay damages. Because the claim is not ripe, the Court DISMISSES Dav El's indemnity claim without prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 2, 2022.

Marsha J. Pechman
United States Senior District Judge